UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHIGAN ADVANCED SURGICAL CENTER, PLLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**ASMI AUTO INSURANCE COMPANY,**<br><br>Defendant. | **2-24-CV-12287-TGB-KGA**<br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS WITHOUT PREJUDICE AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 5)** |

Plaintiff Michigan Advanced Surgical Center, PLLC seeks to recover $587,625 in medical costs from Defendant ASMI Auto Insurance Company. Plaintiff and Defendant (jointly, "the Parties") agreed to stay the filing of this lawsuit until the resolution of two other lawsuits between related parties. But Plaintiff filed the lawsuit before the other cases were resolved. Defendant now moves to dismiss this lawsuit with prejudice, and also moves for summary judgment, while Plaintiff seeks to have it dismissed without prejudice. The Court finds that dismissal without prejudice is the appropriate remedy, and so will **GRANT** Defendant's Motion to Dismiss **WITHOUT PREJUDICE** and will **DENY** Defendant's Motion for Summary Judgment.

## I. FACTS

On August 23, 2021, Plaintiff filed a complaint in Michigan state court under the No-Fault Act, seeking to recover for services Plaintiff provided for Defendant's insured. *Michigan Advanced Surgical Center, PLLC v. ASMI Auto Insurance Co.*, No. 2:21-cv-12310-TGB-KGA (E.D. Mich. Sept. 30, 2021) ("*MSC I*"), at ECF No. 1-2, PageID.11-12, ECF No. 1, PageID.1-2. Defendant removed *MSC I* to this Court on September 30, 2021. *Id.* at ECF No. 1, PageID.1-2.

On July 24, 2023, the Parties stipulated to dismiss the complaint without prejudice. *MSC I* (E.D. Mich. Jul. 24, 2023) at ECF No. 18, PageID.113. Defendant had filed two lawsuits (the "Related Lawsuits") alleging that employees of Plaintiff had violated the law. *Id.* at ECF No. 18, PageID.114-15. The Parties agreed that if, *after* the resolution of the Related Lawsuits, Plaintiff filed a subsequent lawsuit against Defendant arising out of the incident in question, that "the parties will apply the one year back rule embodied in MCL 500.3145 with the effective date of filing of the subsequent Complaint as being the date the Complaint in [*MSC I*] was filed for the purposes of the 'commencement' of the subsequent action." *Id.* at ECF No. 18, PageID.115-16.

In one of the Related Lawsuits, Defendant sued individuals and entities which included Martin Quiroga, D.O. *See Allstate Insurance Co. et al. v. Southeast Michigan Surgical Hospital, LLC*, 2:22-cv-11684-SJM-EAS (E.D. Mich. May 24, 2024)(Murphy, J.), ECF No. 64, PageID.974

2

(Stipulated Order Dismissing Quiroga Defendants). On May 24, 2024, Quiroga was dismissed from that lawsuit. *Id.* Quiroga was originally named in that lawsuit because he was "the person most knowledgeable regarding Plaintiff's billing and coding practices for the surgical procedure at issue . . . ." *MSC I*, ECF No. 18, PageID.114.

On June 27, 2024, Plaintiff filed a second Complaint in state court that was identical to their complaint in *MSC I*. ECF No. 5, PageID.40.[1] On September 10, 2024, Defendant filed a Motion to Dismiss Plaintiff's Complaint, or alternatively a Motion for Summary Judgment. ECF No. 5. Defendant stated that the Related Lawsuits had not yet been resolved, and that because of this, the statute of limitations would not be tolled as set out in the stipulated dismissal of *MSC I*. *Id.* at PageID.44-48. Plaintiff filed a Response on November 21, 2024. ECF No. 10. Plaintiff admitted that they had "mistakenly and prematurely filed this action" prior to the resolution of the Related Lawsuits, and that as such, the statute of limitations would not be tolled. *Id.* at PageID.177-79. In email communications which the Parties provided, Plaintiff's counsel explained to Defendant's counsel her understanding that she "was under the impression we agreed to proceed after Quiroga is out." ECF No. 11-2, PageID.255. While Quiroga had been dismissed from his Related

---

[1] References to the instant case, 2:24-cv-12287-TGB-KGA, are in the ECF X, PageID.X format, without a reference to *MSC I*, and without an "*id.*" signal indicating that the citation is to *MSC I*.

Lawsuit, neither of the Related Lawsuits had been fully resolved at the time the second suit was filed; both have since been resolved. Plaintiff requested that the Court dismiss their Complaint without prejudice. ECF No. 10, PageID.178.

Defendant filed a reply on November 27, 2024. ECF No. 11. Defendant contends that Plaintiff's failure to wait to refile until both Related Lawsuits were resolved meant that the Parties were no longer bound by the stipulated order of dismissal. *Id.* at PageID.217-219. As such, Defendant claims that the statute of limitations applies to bar Plaintiff's Complaint entirely, and that Plaintiff's Complaint must therefore be dismissed with prejudice, making Defendant entitled to judgment as a matter of law.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," the Court must "determine whether it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Ready v. Ford Motor Co.*, 848 F.2d 193 (Table), 1988 WL 41153, at *4 (6th Cir. 1988). For Defendant's Rule 56 Motion, "[s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material

4

fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013).

## III. ANALYSIS

### A. Dismissal is Appropriate

The Parties are in accord that dismissal is appropriate. Both Parties allege that because the Complaint was not filed before the resolution of both of the Related Lawsuits, the case is not ripe for resolution. Unless the filing date for the *MSC I* complaint is used, the statute of limitations will bar Plaintiff from receiving relief; and the stipulation provided that the original filing date would apply if suit were to be brought after the Related Lawsuits were resolved. ECF No. 5, PageID.46-48; ECF No. 10, PageID.176-78.

The Court agrees. The stipulated order of dismissal in *MSC I* stated that the Parties would use the filing date of the *MSC I* complaint as the filing date of a subsequently filed action, if that subsequent action was filed after the Related Lawsuits were resolved. *MSC I* at ECF No. 18, PageID.115-16. The Complaint in the instant case was filed on June 27, 2024, 736 days after Plaintiff's claim accrued. ECF No. 5, PageID.40, PageID.48. The statute of limitations for actions under the No Fault Act is one year after the claim accrues. *Id.* at PageID.45-47, *citing* MCL § 500.3145. Plaintiff filed its complaint in *MSC I* on August 23, 2021, less than one year after their claim accrued. ECF No. 5, PageID.46-47; ECF No. 10, PageID.178. Therefore, unless the filing date for the Complaint

5

relates back to when the *MSC I* complaint was filed, the statute of limitations bars Plaintiff's claim.

The fact that the Related Lawsuits had not resolved at the time of Plaintiff filing the Complaint means that the *MSC I* complaint date does not apply. The statute of limitations bars Plaintiff from receiving relief under the current Complaint, and therefore Plaintiff can prove no set of facts that would entitle it to relief. Plaintiff's Complaint will be **DISMISSED**, and Defendant's Motion will be **GRANTED**.

### B. Dismissal Without Prejudice is Appropriate

"When a motion to dismiss is granted in a case . . . the usual practice is to grant plaintiffs leave to amend the complaint. Generally, leave to amend is 'freely given when justice so requires.'" *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004) (*quoting Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002), *and* Fed. R. Civ. P. 15(a)). The Court finds that justice so requires here. Plaintiff filed its second Complaint by mistake, filing after only Quiroga was dismissed from one of the Related Lawsuits. Plaintiff's counsel stated that they believed, incorrectly, that the parties agreed that Quiroga's dismissal would trigger their right to refile. *See* ECF No. 11-2, PageID.255. In fact, under their agreement, both Related Lawsuits needed to be resolved before Plaintiff could refile and have the new complaint relate back to the date of their original filing; the agreement did not apply if claims were resolved only against one related individual. But Plaintiff has not benefited unjustly from their

6

mistaken, early, filing. And if this case were dismissed *with* prejudice, Defendant would unjustly benefit from Plaintiff's mistake.

Defendant argues that the language of the stipulated dismissal in *MSC I* requires dismissal with prejudice in this case. ECF No. 11, PageID.217-19. Defendant argues that because Plaintiff filed their complaint before the resolution of the Related Lawsuits, not after, that the option to have the date of the *MSC I* complaint apply to a later action has been permanently lost. "[Plaintiff's] failure to wait until the conclusion of the [Related Lawsuits] violated the condition precedent and [Defendant] was not obligated to toll [the statute of limitations] to the date that the original Complaint was filed." *Id.* at PageID.218-219.

The Court disagrees. When interpreting contracts, courts place "primary importance . . . upon the words of the contract." *Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004) (*quoting* 11 Williston on Contracts § 31:4 (4th ed.2000)). And while the stipulated dismissal states that *if* Plaintiff refiles *after* the Related Lawsuits are resolved, that the statute of limitations will be tolled, the stipulation does *not* state that if Plaintiff mistakenly refiles *before* the Related Lawsuits are resolved, that Plaintiff could not correct that mistake by agreeing to dismiss without prejudice and refiling after the Related Lawsuits are resolved. The Court will not read such a requirement into the stipulation, nor has Defendant pointed to evidence that would support such a reading. If Plaintiff were to seek to go forward on the mistakenly filed complaint, Defendant's point

7

would be well taken. But in the stipulated dismissal, Defendant agreed to allow Plaintiff to resurrect its complaint once the Related Lawsuits were resolved.

The Court will dismiss Plaintiff's Complaint **WITHOUT PREJUDICE**. The stipulation to dismiss *MSC I* still applies, and under that stipulation, so long as Plaintiff refiles *after* the Related Lawsuits are resolved, Plaintiff may use the date of commencement of *MSC I* as the date of commencement of that subsequent case.

The Court further notes that the Related Lawsuits have now *both* resolved. *See ASMI Auto Insurance Co. et al. v. Ayman Tarabishi, et al.*, No. 2:22-cv-12736-SKD-APP (E.D. Mich. April 10, 2025)(DeClercq, J), ECF No. 89 (Stipulation of Dismissal With Prejudice); *Southeast Michigan Surgical Hospital, LLC*, 2:22-cv-11684-SJM-EAS (E.D. Mich. Oct. 1, 2024)(Murphy, J.), ECF No. 74 (Stipulation of Dismissal With Prejudice). Plaintiff may therefore file an Amended Complaint under the stipulation from *MSC I*, using the commencement date from *MSC I*.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims against Defendant will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Amended Complaint **MUST BE FILED WITHIN 30 DAYS** of the date of this Order.

8

**SO ORDERED.**

Dated: April 28, 2025       /s/Terrence G. Berg
                                          HON. TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE